**Larry WILLIAMS, Plaintiff,**

v.

**MID–AMERICA FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.**

**No. C3–84–1000.**

United States District Court, S.D. Ohio, W.D.

Sept. 30, 1985.

Thomas Angelo, III, Dayton, Ohio, for plaintiff.

Michael E. Solimine, Robert P. Bartlett, Dayton, Ohio, for defendant.

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 12); TRIAL DATE AND CERTAIN TRIAL PROCEDURES SET

RICE, District Judge.

This Decision and Entry sets forth the reasoning of the Court with respect to Defendant's Motion for Summary Judgment (Doc. # 12). The substance of this decision was relayed by the Court in a telephone conference call with counsel for both parties.

At issue in this case is a loan which Plaintiff sought to procure from Defendant in 1984. Under the authority of 15 U.S.C. § 1691b(a), certain classes of transactions "not primarily for personal, family or household purposes" are exempted from the requirements of the Equal Credit Opportunity Act (ECOA). Extensions of credit "primarily for business or commercial purposes" are exempted from the ECOA pursuant to 12 C.F.R. § 202.3(a)(4). Both the statutory language of 15 U.S.C. § 1691b(a) and the language of this regulation, as well as the reasons put forth in Defendant's Motion for Summary Judgment, support the Court's conclusion that the loan transaction at issue was made "primarily for business purposes." Although new regulations have been proposed by the Federal Reserve to further the purposes of the ECOA, these proposed regulations envision no change in this definition of the business exemption to the ECOA. 50 Fed.Reg. 10890, 10891–92, 10901. The Court is also aware of a new proposed official staff interpretation which could possibly impact upon the Court's decision that this loan transaction involved business credit. 50 Fed.Reg. 10911. The Court does not, however, believe that it would be proper to find this proposed official staff interpretation to supersede the current regulatory and statutory authority cited *supra.*

When a transaction is found to involve business credit, compliance with the notification procedures of 12 C.F.R. § 202.9 is not required. 12 C.F.R. § 202.3(e)(2). Written or oral notification to an applicant is still required to an applicant after business credit is denied. *Id.* A current official staff interpretation counsels that a creditor must provide this oral or written notification of denial within a *reasonable* time of the decision to deny credit. 12 C.F.R. Part 202, App. at 44.

Plaintiff believes that he received oral notification in June of 1984 of Defendant's initial decision to deny his loan application. (Williams deposition, p. 29). Defendant's position is that the decision to deny Plaintiff's loan was taken in the first part of June. (Doc. # 14, Exh. 1, Todd deposition at 24). The applicable law thus reveals that a genuine issue of fact remains for resolution by the jury, namely, whether Defendant's oral notification to Plaintiff was given within a reasonable time of its decision to deny business credit to Plaintiff. Accordingly, Defendant's Motion for Summary Judgment, insofar as it pertains to Count 1 of Plaintiff's Complaint, is overruled.

With respect to Count 2 of Plaintiff's Complaint, Defendant's Motion for Summary Judgment must be sustained. Count 2 deals with timely notification of approval of a loan under 15 U.S.C. § 1691(d)(1) and 12 C.F.R. § 202.9(a)(i). As the transaction at issue herein is found to be business credit, 12 C.F.R. § 202.3(e)(2) provides that compliance with 12 C.F.R. § 202.9 is not required unless "adverse action" has been taken by an issuer of credit. No such "adverse action," as defined in 15 U.S.C. § 1691(d)(6), is complained of in Count 2. Accordingly, Defendant's Motion for Summary Judgment with respect to Count 2 is sustained, due to the exemption of business credit from the notification requirement cited by Plaintiff.

Defendant has also moved for summary judgment with respect to Count 3 of Plaintiff's Complaint, which alleges a violation of the prohibition of 15 U.S.C. § 1691(a)(1) against race-based discrimination by creditors such as Defendant. Defendant argues both that this anti-discrimination prohibition is inapplicable to business credit, and that, even if it is applicable, there are no facts on this record to support Plaintiff's claim of discrimination. Assuming without deciding that the anti-discrimination provisions of the ECOA would apply to business credit, the Court finds that there is no support in the record for Plaintiff's claim of race discrimination. Plaintiff's assertion in his deposition that race is the only reason he can think of for the treatment which he received from Defendant is, without more, insufficient to raise a material issue as to a genuine fact as to race discrimination. (Williams deposition, p. 51–52) Accordingly, Defendant's Motion for Summary Judgment must be sustained with respect to Count 3 of Plaintiff's Complaint.

Based on the aforesaid, Defendant's Motion for Summary Judgment is sustained with respect to Counts 2 and 3 and overruled with respect to Count 1. A one-day jury trial on Count 1 on the issue of reasonableness is set for October 31, 1985. Counsel are directed to follow the pre-trial procedures set forth in this Court's Decision and Entry of September 23, 1985. (Doc. # 19).